UNITED STATES of America,
Plaintiff—Appellee,

v.

Fernando LOPEZ–CUEVAS,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Antelmo Ontiveras, Defendant—
Appellant.

Nos. 04–10285, 04–10298.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Nov. 3, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**666**

USSAC–Office of the U.S. Attorney, Ellen V. Endrizzi, United States Attorney, Sacramento, CA, for Plaintiff–Appellee.

John Ward, Esq., Law Offices of John Ward, San Francisco, CA, for Defendant–Appellant, Fernando Lopez–Cuevas.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant–Appellant, Antelmo Ontiveros.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

Fernando Lopez–Cuevas and Antelmo Ontiveras appeal their convictions and sentences for conspiracy to possess methamphetamine with intent to distribute and possessing methamphetamine with intent to distribute. We affirm both appellants' convictions and remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

■ Ontiveras argues that the district court erred by admitting expert testimony proffered by Sergeant Robert Risedorph as to the modus operandi of methamphetamine traffickers and structure of drug trafficking organizations. Our precedent makes clear, however, that expert testimony as to the general modus operandi of methamphetamine traffickers is admissible. *United States v. Valencia Amezcua*, 278 F.3d 901, 908 (9th Cir.2002). In fact, we have specifically upheld the admissibility of expert testimony explaining that "drug traffickers generally do not entrust

large quantities of drugs to unknowing transporters." *Id.* (citing cases). Moreover, expert testimony regarding criminal enterprise structures is admissible to allow the jury to understand a conspiracy and to assess a defendant's involvement in it. *See United States v. Patterson*, 819 F.2d 1495, 1507 (9th Cir.1987); *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1244 (9th Cir.1997). Lopez–Cuevas's reference to *United States v. Vallejo* is inapposite as that decision concerned expert testimony regarding drug trafficking organization structures in a *non-conspriacy* drug case. 237 F.3d 1008, 1015–16 (9th Cir.2001), *as amended by* 246 F.3d 1150 (9th Cir.2001). Thus, the trial court's decision to admit the expert testimony was an appropriate exercise of discretion.

■ Lopez–Cuevas argues that the trial court's decision to limit recross-examination of Sergeant Risedorph violated Lopez–Cuevas's Sixth Amendment confrontation rights. We conclude that the district court did not err in limiting the recross-examination because counsel's question during recross-examination was not relevant to any of the "new matter" that the government brought out during redirect questioning of Sergeant Risedorph and could have been inquired into by the defense during cross-examination. *United States v. Croft*, 124 F.3d 1109, 1121 (9th Cir.1997) (holding that, where recross did not respond to "new matter" elicited on redirect, the Confrontation Clause was not violated by trial court's refusal to allow recross-examination).

■ While we affirm both appellants' convictions, we conclude that an *Ameline* remand is appropriate because the district

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court made factual determinations in adjusting upwards the sentencing guideline range of both appellants. This *Booker* error was unpreserved, so we review for plain error. *Ameline*, 409 F.3d at 1078. Under *Ameline*, when, as here, "the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074.

AFFIRMED and REMANDED.